584 P.2d 1202

**Wynona L. LEON, a minor, and Troy D. Leon, a minor, by their father and next friend, Ross C. Leon, and Alice Leon, his wife, Appellants,**

v.

**RANGER INSURANCE COMPANY, an Insurance company, Appellee.**

**No. 1 CA–CIV 3740.**

Court of Appeals of Arizona,
Division 1,
Department A.

Aug. 31, 1978.

Sorenson, Esser & Moore by George R. Sorenson, H. Jeffrey Coker, Phoenix, for appellants.

Robbins, Green, O'Grady & Abbuhl, P.A. by Michael J. O'Grady, Maria T. Regina, Phoenix, for appellee.

OPINION

FROEB, Chief Judge.

On November 4, 1972, there was collision between two vehicles, one operated by Julio Becerra and the other by Olive West. Appellants Wynona and Troy Leon were passengers in the West vehicle and received personal injuries as a result of the accident. The question before us is whether Julio Becerra was covered by an insurance policy issued by appellee Ranger Insurance Company at the time of this accident.

In June 1969, Julio Becerra's daughter, Catalina Becerra, was driving her father's uninsured Oldsmobile when she was involved in an accident. Because neither the driver nor the vehicle was insured, the accident brought about the suspension provisions of the Safety Responsibility Act, A.R.S. § 28–1142(A):

> The superintendent shall, within sixty days after the receipt of a report of a motor vehicle accident within this state which has resulted in bodily injury or death or damage to the property of any one person in excess of three hundred dollars, suspend the license of each operator, all registrations and license number plates of each owner of a motor vehicle in any manner involved in such accident, . . . unless such operator or owner or both shall deposit security in a sum which is sufficient in the judgment of the superintendent to satisfy any judgment or judgments for damages resulting from the accident as may be recovered against the operator or owner and furnish proof of financial responsibility as provided in § 28–1167.

As a result of the application of this statute, Catalina's driver's license and Julio's registration were suspended. Julio's driving record indicates that his registration privileges were suspended on August 11, 1969, some two months after his daughter's accident.

In an effort to have their driving and registration privileges restored, the Becerras sought an insurance policy from an insurance agency in Avondale. Such an insurance policy is one of the alternate methods of giving proof of financial responsibility provided in A.R.S. § 28–1167. The insurance agency sold them an automobile policy issued by appellee Ranger Insurance Company with Catalina and Julio each listed as a named insured. The policy was effective September 3, 1971, and ran for one year. It listed a 1962 Ford Galaxy as the insured vehicle. Proof of financial responsibility upon the purchase of an insurance policy under A.R.S. § 28–1142(A) is provided by filing with the state a written certificate of the insurance carrier, known as an "SR–22," certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility. A.R.S. § 28–1168. SR–22's were filed for both Catalina and Julio. Julio's record indicates that his registration privileges were restored to him on September 3, 1971, which was the effective date of the policy listed on the face of the SR–22. No termination date was given. The SR–22 does state that the certificate is effective until "cancelled or terminated in accordance with the financial responsibility laws and regulations of this state."

Premiums were apparently paid on the insurance policy for only a short period of time and then stopped. Appellee thereafter cancelled the policy for nonpayment of premiums and mailed written notice of the cancellation on December 17, 1971, to Catalina at the mailing address given for both Catalina and Julio. Catalina Becerra was the applicant for the policy and the only one who dealt with the insurance agency to obtain it.

After the accident involving appellants in November 1972, suit was commenced against Julio and his wife which resulted in the entry of default judgment on May 16, 1973. On March 17, 1975, appellee filed the complaint in this action asking for a declaratory judgment that at the time of the accident involving appellants the Becerras were not insured by it. The court granted appellee's motion for summary judgment as to all defendants. The Leons are the only defendants to appeal.

A.R.S. § 28–1171 specifies the method by which a certified policy can be cancelled or terminated:

When an insurance carrier has certified a motor vehicle liability policy under § 28–1168 or § 28–1169, the insurance so certified shall not be cancelled or terminated until at least ten days after a notice of cancellation or termination of the insurance so certified shall be filed in the office of the superintendent, except that a policy subsequently procured and certified shall, on the effective date of its certification, terminate the insurance previously certified with respect to any motor vehicle designated in both certificates.

Since no subsequent policy was purchased, the question is whether Ranger effectively notified the Motor Vehicle Division that it had cancelled the policy as to coverage for Julio. The notice which is filed pursuant to A.R.S. § 28–1171 is called an SR–26. On January 17, 1972, appellee sent and the Motor Vehicle Division received an SR–26 showing Catalina as the insured. The SR–26 did not mention Julio and no separate SR–26 was filed with respect to him until November 1974, when the discrepancy came to light after the accident.

Appellants argue that, because appellee failed to file an SR–26 with respect to Julio in compliance with A.R.S. § 28–1171, the insurance policy still covered him in November 1972, when the accident occurred. Appellee counters with several arguments, but we find the one next mentioned dispositive of this case. Appellee argues that the Motor Vehicle Division did, in fact, receive timely notice of the cancellation of the certified policy covering Julio.

The SR–22 on file for Julio carries a "case number" of 6229060 and describes the "current policy number" as NCA–145658. The SR–22 for Catalina bears the identical case and policy numbers. We think that the Motor Vehicle Division was properly notified of the cancellation of policy NCA–145658 by virtue of the SR–26 filed for Catalina. The SR–26 for Catalina named the policy which covered not only herself but also Julio. The filing of the SR–26 for Catalina was sufficient notice to the Motor Vehicle Division of cancellation of the policy in compliance with A.R.S. § 28–1171. Having effectively notified the Motor Vehicle Division of the cancellation, Ranger was not liable under the policy on the day of the accident.

Affirmed.

HAIRE, P. J., Department A, and NELSON, J., concur.